IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CYMANTHA D. TROTTER,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 05-cv-177-DRH** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 03-cr-30154** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to one count of access device fraud, a violation of 18 U.S.C. § 1029(a)(2). On April 16, 2004, she was sentenced to 24 months incarceration, three years supervised release, a special assessment of $100, and restitution in the amount of $25,803.69. Petitioner filed an appeal, which was later dismissed. *United States v. Trotter*, Appeal No. 04-2285 (7th Cir., filed May 11, 2004). She then filed this § 2255 motion in which she raises just one argument – she argues that Counsel was ineffective in failing to object to the portion of her sentence regarding over $25,000 in restitution, because she believes this amount of restitution imposes an undue hardship upon herself and her family.

Petitioner entered into a plea agreement with the Government in an attempt to benefit herself. In exchange for the benefits she received, Petitioner waived her right to a direct appeal and to a

collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, **including ordered restitution**, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II-10 (Doc. 24, criminal case) (emphasis added).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently then the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

In this case, Petitioner does not contend that her sentence was not within the maximus

provided for in the statute.  *See* 18 U.S.C. § 1029(c).  Nor does she contend that the Court relied upon any impermissible factors such as race or gender in determining her sentence.  Consequently, there is no basis in the record for avoiding this waiver.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255.  Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   November 30, 2005.**

/s/    David RHerndon
**DISTRICT JUDGE**